Larry K. HOWARD, Plaintiff,

v.

FEDERAL CROP INSURANCE COR-
PORATION, Defendant.

Graham F. HOWARD, Sr., Plaintiff,

v.

FEDERAL CROP INSURANCE COR-
PORATION, Defendant.

Graham F. HOWARD, Jr., Plaintiff,

v.

FEDERAL CROP INSURANCE COR-
PORATION, Defendant.

Nos. 74–51–CIV–5 to 74–53–CIV–5.

United States District Court,
E. D. North Carolina,
Raleigh Division.

Dec. 5, 1974.

Edgar R. Bain, Lillington, N.C., for plaintiff.

Joseph W. Dean, Asst. U. S. Atty., Raleigh, N.C., for defendant.

## MEMORANDUM OF DECISION AND ORDER

DUPREE, District Judge.

In three actions on crop insurance policies plaintiffs, father and two sons (the Howards), seek to recover from the Federal Crop Insurance Corporation (FCIC) losses allegedly sustained due to weather damage on their tobacco acreage in crop year 1973. Plaintiffs originally filed suit in Superior Court, Harnett County. Defendant answered, alleging that the action of plaintiffs in plowing under the post-harvest stalks before the Corporation's inspection—a violation of the policy—worked a forfeiture of its benefits, and removed to this court under 28 U.S. C. § 1441. Both sides have moved for summary judgment with supporting documentation on the forfeiture issue. The cases have been consolidated for the purpose of decision and judgment.

The pertinent portion of the insuring agreement in the policies reads as follows:

"Subject to the regulations of the Federal Crop Insurance Corporation (herein called 'Corporation') and in accordance with the terms and conditions set forth in this policy, the Corporation upon acceptance of a person's application does insure such person against unavoidable loss of production of his insured crops due to causes of loss insured against that are specified in this policy."

The following facts are undisputed. FCIC, an agency of the United States Department of Agriculture, was formed by the Federal Crop Insurance Act, 7 U.S.C. § 1501 et seq. In 1973 it issued three policies to the Howards, insuring their tobacco crops to be grown on six farms against weather damage and other hazards at the rate of $1,270.-00 per acre.[1]

Plaintiffs established production of tobacco on their acreage, but they allege that their 1973 crop was extensively damaged by heavy rains resulting in losses which they claim totaled $35,738.-92. Plaintiffs, having harvested and sold the depleted crop, timely filed notice and proof of loss but proceeded to plow under the remaining stalks and plant a cover crop of rye to preserve the soil. An FCIC adjuster thereafter inspected the fields as required by the policy, but, finding the stalks had been destroyed, denied the claim on grounds that the plaintiffs had violated paragraph 5(f) of the Tobacco Endorsement of the policy which reads:

"The tobacco stalks on any acreage of tobacco of types 11a, 11b, 12, 13 or 14 with respect to which a loss is claimed shall not be destroyed until the Corporation makes an inspection."

The inquiry here is whether compliance by the insureds with this provision of the policy was a condition precedent to recovery. The court concludes that it was and that the failure of the insureds to comply worked a forfeiture of benefits for the alleged loss.

Paragraph 5 of the Tobacco Endorsement entitled "Claims for Loss" has six subparagraphs outlining the requirements for establishing losses under the policy. Only one of them, subparagraph (b) uses the term "condition precedent." It reads:

"(b) It shall be a condition precedent to the payment of any loss that the insured establish the production of the insured crop on the unit and that such loss has been directly

1. There is some question that the policies were actually received by the Howards or that they knew the provisions thereof, but in the court's view this is immaterial for admittedly the policy form was published in the Federal Register and was on file with the county agent, and they were charged with knowledge of the policy's contents. 44 U.S.C. § 1507; Federal Crop Insurance Corporation v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947).

caused by one or more of the hazards insured against during the insurance period for the crop year for which the loss is claimed, *and furnish any other information regarding the manner and extent of loss as may be required by the Corporation.*" (Emphasis supplied.)

Since paragraph 5(f) prohibiting the stalk-cutting does not contain the condition precedent language, plaintiffs argue that it is "merely a covenant which has been breached and for which defendant may be liable in damages." [2] A more reasonable construction of paragraph 5 in its entirety is that the requirement that the stalks not be destroyed prior to inspection by the defendant was in the nature of a promissory warranty which should be regarded as a condition subsequent, non-compliance with which worked a forfeiture of benefits for the losses in question.[3] Defendant's right to view the tobacco stalks in the field may fairly be considered "other information regarding the manner and extent of loss" required to be supplied by the insured as a condition precedent to defendant's liability under paragraph 5(b) of the policy.[4]

As there is no genuine issue as to any material fact and the court is of opinion that the defendant is entitled to judgment as a matter of law, the motions of the Howards for summary judgment will be denied, the motions of FCIC for summary judgment will be allowed, and the actions will be dismissed. It is

So ordered.

---

2. A similar argument was made and rejected in Fidelity-Phenix Fire Insurance Company v. Pilot Freight Carriers, Inc., 193 F.2d 812, 31 A.L.R.2d 839 (4th Cir. 1952).

3. Plaintiffs further argue that "no counterclaim has been filed in this case for such damages and we must assume that the defendant has not sustained any such damages or such counterclaim would have been filed." Just what the measure of damages would be in such case is not mentioned. Query, would it not be the entire amount of plaintiffs' loss? FCIC strongly contends, and with good reason, that without the stalks to examine it has no practical way of determining the loss.

4. When a loss is claimed, the evidence thereof provided by standing tobacco stalks is obviously critical information. Surely it was not intended by the parties that the insured should be able to establish the extent of the loss by his own testimony leaving the insurer to defend as best it can with the testimony of his friends and neighbors who would naturally be reluctant to testify even if they knew the facts.